**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2514
_____

VICTOR WALTHOUR,
Appellant

v.

JOHN W. HERRON; PAUL FELDMAN; DEAN WEISGOLD;
G. MICHAEL GREEN; PNC BANK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-02333)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2022

Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 10, 2023)
_____

OPINION[*]
_____

PER CURIAM

The appellant, Victor Walthour, is a serial pro se litigant who has filed numerous

civil rights complaints in the District Court relating to the handling of his incapacitated

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

wife's person and estate.  In his most recent complaint, he alleged that the defendants "created fake documents . . . to deprive [him] of a fair trial," which caused him to be "evicted and property sold."  Compl. 3–4, ECF No. 1.  He named as defendants: (1) two judges who had presided over certain state-court proceedings relating to the estate; (2) PNC Bank, the trustee of his wife's estate; and (3) two private attorneys who represented PNC Bank in various proceedings.  The defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The District Court granted the motion and dismissed the complaint with prejudice.  Walthour timely appealed.[1]

We will affirm.  Walthour's claims against the two state-court judges are barred by absolute judicial immunity.  See Stump v. Sparkman, 435 U.S. 349, 355 –57 (1978).  Walthour cannot prevail on his claims against the two private attorneys or PNC Bank because he has not alleged that these defendants acted under color of state law for purposes of § 1983.  See Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169–70 (3d Cir. 2004).  The District Court did not err by declining to grant Walthour leave to amend his complaint; amendment would clearly be futile under the circumstances of this case.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Although Walthour contests the dismissal of his claims, he has not provided any additional factual allegations that suggest that his claims should be allowed to proceed.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review is

Accordingly, we will affirm the judgment of the District Court.

plenary.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 206 (3d Cir. 2009).